# EXHIBIT 1



# FEINSTEIN LAW OFFICE

## "*The Concierge Lawyer*"

April 7, 2021

Travelers Insurance Company  
One Tower Plaza  
Hartford, CT 06183

Certified Mail #7020 3160 0000 6381 6827

Re:   Heritage v. Travelers

Dear Sir/Madam:

Enclosed please find a time stamped copy of the Complaint filed in the above referenced matter. Kindly assign this to counsel and have that individual contact me.

In the alternative, if you wish to discuss resolving the case before you retain counsel, please do not hesitate to contact me.

Thank you for your prompt attention to this matter.

**FEINSTEIN LAW OFFICE, LLC**

BY: _____  
STEVEN C. FEINSTEIN, ESQUIRE

107 Wayne Court, West Chester, PA 19380  P: (610) 864-4854  F (215) 396-8388  
Feinsteinlawoffice@gmail.com

**FEINSTEIN LAW OFFICE**
By: STEVEN C. FEINSTEIN, ESQUIRE
Identification Number: 48737
107 Wayne Court
West Chester, PA 19380
(610) 864-4854
Feinsteinlawoffice@gmail.com

MAJOR NON-JURY
*Filed and Attested by the Office of Judicial Records 02 APR 2021 01:04 pm*

Attorney for Plaintiffs

| | |
|---|---|
| HERITAGE SENIOR LIVING, LLC and<br>HERITAGE SENIOR PROPERTIES, LLC<br>765 Skippack Pike<br>Suite 300<br>Blue Bell, PA 19422<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY<br>One Tower Plaza<br>Hartford, CT 06183 | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>TERM, 2021<br><br>NO. |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA 19107
TELEPHONE: (215) 238-6333

Case ID: 210400087

| | |
|---|---|
| **FEINSTEIN LAW OFFICE**<br>By: STEVEN C. FEINSTEIN, ESQUIRE<br>Identification Number: 48737<br>107 Wayne Court<br>West Chester, PA 19380<br>(610) 864-4854<br>Feinsteinlawoffice@gmail.com | MAJOR NON-JURY<br><br><br><br><br>Attorney for Plaintiffs |
| HERITAGE SENIOR LIVING, LLC and<br>HERITAGE SENIOR PROPERTIES, LLC<br>765 Skippack Pike<br>Suite 300<br>Blue Bell, PA 19422<br><br>v.<br><br>TRAVELERS INSURANCE COMPANY<br>One Tower Plaza<br>Hartford, CT 06183 | : IN THE COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>: TERM, 2021<br>:<br>: NO.<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION
### (1C. Contracts)

1. Plaintiffs are limited liability companies, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania and having their offices located that the addresses above given.

2. Defendant, is an insurance company licensed and authorized to do business in the Commonwealth of Pennsylvania having offices located at the address set forth above. Defendant regularly conducts business in the City and County of Philadelphia.

3. Defendant may be an umbrella company and Plaintiffs specifically intend to include all of the subsidiaries and/or companies related thereto that may be responsible for the acts and events more fully described below.

4. At all times material hereto, Defendant was acting either individually or through its duly authorized agents, servants, workmen or employees, who were acting within the course and scope of their employment and on the business of said employer.

Case ID: 210400087

5. On or about April 17, 2019, a lawsuit styled <u>Knoebel v. Arbour Square LP, Heritage Senior Living, LLC and Heritage Senior Properties LLC</u>, in the Court of Common Pleas of Montgomery County, under docket number 2019-07277 seeking damages based on the negligence of the Defendants.

6. At the time of the incidents alleged in the complaint, Plaintiffs, by and through their agents, servants and/or employees, were performing services to Arbour Square LP, at Arbour Square LP facility for senior living, at its request and for its benefits, pursuant to a contract that existed between Arbour Square LP and Plaintiffs.

7. At all times material hereto, Arbour Square LP was covered under a policy of insured issued by Defendant. Plaintiffs are not in possession of a copy of the policy and it is believed and therefore averred that Defendant is possession of a copy of said policy.

8. It is believed and therefore averred that the policy of insurance issued by Defendant to Arbour Square LP provided coverage for and required Defendant to defend and/or indemnify Arbour Square LP and all insureds under said policy, in lawsuits alleging negligence of same for activities covered under said policy.

9. Plaintiffs were insureds under Defendant's policy with Arbour Square LP as it pertains to any allegations of negligence contained in the aforementioned complaint.

10. Plaintiffs submitted and/or placed Defendant on notice the aforementioned complaint to Defendant and requested that it provide them with a defense and/or indemnification under the aforementioned policy.

11. Defendant denied coverage to Plaintiffs.

12. Plaintiffs retained William Mundy, Esquire to defend them in the aforementioned litigation.

13. On or about December 19, 2019, Mundy demanded that Defendant provide Plaintiffs with a defense and to indemnify for them for any loss arising from the events alleged in the aforementioned complaint.

14. Defendant rejected Mundy's demand.

15. On or about March 20, 2020, Defendant acknowledged that Plaintiffs were insureds under the aforementioned policy and agreed to pay for 50% of Plaintiffs' defense and indemnify them for 50% of the loss, in the event of any judgment, settlement or award.

16. Upon information and belief, Plaintiffs are entitled to payment of 100% of their defense and indemnification under the policy.

## COUNT I
## DECLARATORY JUDGMENT

17. Plaintiffs reallege each and every paragraph contained in this Complaint as if more fully set forth herein.

18. Plaintiffs are insureds as that term is defined by the policy that was issued by Defendant to Arbour Square LP.

19. Plaintiffs seek a declaration that they were insureds under the policy as that term is defined by the policy issued by Defendant to Arbour Square LP.

20. Defendant is obligated to pay for all of the expenses incurred by Plaintiffs in defense of the aforementioned lawsuit.

21. Defendant is obligated to indemnify Plaintiffs for any judgment or award entered against them in the aforementioned lawsuit.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court issue an Order declaring the following:

1) Plaintiffs are insured under the policy of insurance issued by Arbour Square LP.

2) Defendant is obligated to pay for all of the expenses incurred by Plaintiffs in defense lawsuit styled <u>Knoebel v. Arbour Square LP, Heritage Senior Living, LLC and Heritage Senior Properties LLC</u>, in the Court of Common Pleas of Montgomery County, under docket number 2019-07277

3) Defendant is obligated to indemnify Plaintiffs for any judgment or award entered against them in the lawsuit styled <u>Knoebel v. Arbour Square LP, Heritage Senior Living, LLC and Heritage Senior Properties LLC</u>, in the Court of Common Pleas of Montgomery County, under docket number 2019-07277

4) An award of counsel fees and costs and such other relief as the Court deems appropriate.

## COUNT II
## BREACH OF CONTRACT

22. Plaintiffs reallege each and every paragraph contained in this Complaint as if more fully set forth herein.

23. Defendant refused to comply with the terms and conditions of the policy by refusing to provide them with a defense.

24. Defendant had a contractual obligation to provide a defense to Plaintiffs for the litigation filed against them as more fully set forth above.

25.

26. Defendant breached its contractual obligations to Plaintiffs by failing and refusing to provide them with a defense.

27. As a direct result of Defendant's failure and refusal to provide a defense for Plaintiffs, Plaintiffs have sustained damages and will continue to suffer damages in the future.

**WHEREFORE,** Plaintiffs demands judgment against Defendant in an amount in excess of $50,000.00 plus interest, costs, and such other relief as the Court deems appropriate.

Case ID: 210400087

## COUNT III
## BAD FAITH

28. Plaintiff realleges each and every paragraph contained in this Complaint as if more fully set forth herein.

29. Defendant has engaged in Bad Faith conduct toward Plaintiff and has treated Plaintiffs unreasonably and unfairly with respect to its refusal to provide coverage and/or a defense related to the actions more fully set forth above, in violation of 42 Pa.C.S.A. §8371.

30. In furtherance of its bad faith and wrongful denial and refusal to afford benefits to Plaintiffs, Defendant, acting by and through its duly authorized agents, servants, workmen or employees, has engaged in the following conduct:

(a) in failing and/or refusing to provide a defense to Plaintiffs;

(b) in failing to acknowledge and act promptly upon written or oral communications made by Plaintiffs and/or Plaintiffs' representatives;

(c) in exposing Plaintiffs to potential judgments for which they are insured under the policy;

(d) in forcing Plaintiffs to obtain other counsel to defend them, at their great cost and expense;

(e) in misrepresenting pertinent facts or policy or contract provisions relating to the coverages at issue;

(f) in refusing to provide Plaintiffs with coverage without conducting a reasonable and fair investigation based upon all available information;

(g) in failing to file a declaratory judgment action to determine its obligations to Plaintiffs prior to refusing to provide them with a defense and denying coverage.

(h) in denying full coverage to Plaintiffs despite its own acknowledgment that Plaintiffs were insureds under the policy at the time of the loss;

(i) in acting in an obstructive, deceitful and dilatory manner;

(j) in treating Plaintiffs with reckless indifference and disregard under the circumstances;

(k) in not having a reasonable basis for denying Plaintiffs' benefits under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied coverage for Plaintiffs; and

(l) in interpreting ambiguous terms, provisions and/or conditions of the aforementioned policy in its favor and against Plaintiffs;

26. Solely as a result of Defendant's bad faith misconduct as aforesaid, Plaintiff has been required to obtain counsel to commence the present action to recover benefits due and owing under the policy of insurance issued by Defendant to AAG.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for punitive damages, counsel fees and costs, together with interest on Plaintiffs' claim in an amount equal to the prime rate of interest plus three percent (3%), in an amount in excess of $50,000.00.

FEINSTEIN LAW OFFICE

BY: _____
STEVEN C. FEINSTEIN, ESQ.
Attorney for Plaintiffs

Case ID: 210400087

## **VERIFICATION**

The undersigned, having read the attached document, verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the document is that of counsel and not of signer. Signer verifies that he/she has read the within document and that it is true and correct to the best of signer's knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

                                                          Feinstein Law Office

                                                          X_____
                                                           Steven C. Feinstein, Esquire

FEINSTEIN LAW OFFICE

107 WAYNE COURT
WEST CHESTER, PA 19380



FIRST-CLASS

$ 007.16
02 7H
0001296456    APR 07 2021
MAILED FROM ZIP CODE 19103

Travelers Insurance Company
One Tower Plaza
Hartford, CT 06183



7020 3160 0000 6381 6A27

L Au